UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD BAKER,<br><br>　　Plaintiff,<br><br>v.<br><br>DR. SELEH GHAITH and ROBERT HOPKINS,<br><br>　　Defendants. | Case No. 25-13003<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DISMISSING COMPLAINT [1] AND GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [2]**

On September 23, 2025, Richard Baker filed this action against Dr. Seleh Ghaith and counselor Robert Hopkins for alleged violations of his First, Eighth, and Fourteenth Amendment rights. (ECF No. 1.) Baker's allegations are not entirely clear, but the Court gathers the following from his complaint and application to proceed without prepayment of fees: Baker participates in, and receives medication from, Star Center, Inc. (*id.* at PageID.5), an outpatient substance use treatment program. *See Star Center Inc.*, (Oct. 27, 2025), https://perma.cc/CB25-MJTT. He is apparently required to pick up his medication from Star Center in person. (*See* ECF No. 1, PageID.5.) But he has blood clots in his legs that make it difficult for him to walk. (*Id.*) So after a recent surgery to address the blood clots (*id.*), Baker's doctor gave him a note to take to Star Center indicating his need for accommodations (*id.* at PageID.11 (doctor's orders appended)). Despite this directive, says Baker, Star Center

failed to give him needed "medical take home" privileges, and Baker was "forced to stand in line" to pick up his medication from the program. (*Id.* at PageID.5–6.)

The individuals Baker sues, Ghaith and Hopkins, both appear to be employees of Star Center. (*See* ECF No. 1, PageID.2 (providing Star Center's address as the "address" for both Ghaith and Hopkins and identifying Ghaith as a doctor and Hopkins as a "counselor").) In addition to his claims that Star Center failed to accommodate his medical needs, Baker adds concerns about his general treatment by Ghaith and Hopkins. Baker accuses Ghaith and Hopkins of "favoritism," noting that "other clients only come in [to Star Center] once a month." (*Id.* at PageID.7.) And Baker claims that Hopkins "makes [Baker] talk to him about things [Baker] don't want to talk about under threat of [Baker] losing take home privileges." (*Id.* at PageID.5.)

Along with his complaint, Baker filed an application to proceed without prepayment of costs (ECF No. 2.) For the reasons below, the Court grants Baker's application to proceed without prepaying fees and summarily dismisses his complaint for failing to state a claim under 42 U.S.C. § 1983.

## I.

As an initial matter, the Court grants Baker's motion to proceed without prepayment of the filing fee. (ECF No. 2.) Baker reports that he is unemployed and relies on social security disability compensation as his sole source of income. (*Id.* at PageID.13–14.) Appended to his application is a letter verifying that he receives a monthly social security benefit of $1,098.60. (*Id.* at PageID.15.) He has no savings or

2

assets. (*Id.* at PageID.14.) As such, the Court finds that he has made the required showing of indigence. *See* 28 U.S.C. § 1915(a)(1).

## II.

When the Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (holding that a "fee assessment" and the required "screening process" may occur "in the same opinion or order"), *overruled on other grounds*, *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2022). Although a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, *see Cassaday v. Verizon Media Inc.*, No. 25-1237, 2025 U.S. App. LEXIS 16682, at *4 (6th Cir. July 8, 2025) (citing *Martin v. Overton*, 391 F.3d 719, 712 (6th Cir. 2004)), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the dismissal standard for screening under § 1951(e)(2)(B)(ii) is the same as is used for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)).

### A.

Baker filed this lawsuit using the Court's general civil case complaint form. (ECF No. 1.) Therein, he claims federal question jurisdiction, alleging that Defendants violated his First, Eighth, and Fourteenth Amendment rights. (*Id.* at

3

PageID.4.) He seeks $500,000 in punitive damages and injunctive relief compelling Defendants to "comply with all doctors orders submitted [by his] doctors past present and future." (*Id.* at PageID.6.)

The Court liberally construes Baker to be asserting a claim for money damages and injunctive relief under 42 U.S.C. § 1983. (*See id.* at PageID.5–6 (seeking monetary relief)); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Under Section 1983, an individual can bring suit for a violation of federal constitutional rights if he shows (1) he was deprived of a right secured by the federal Constitution and (2) the deprivation was caused by a state actor. *See Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015). Baker's allegations fail to satisfy the second prong.

Baker sues only private citizens. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir. 2007) ("[M]ost rights secured by the Constitution are protected only against infringement by governments." (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978))). Ghaith and Hopkins appear to be individuals employed by Star Center, Inc.—not state employees. (*See generally* ECF Nos. 1, 2.) Nor do any of Baker's allegations permit the inference that Ghaith or Hopkins' private work at Star Center could be "fairly attributed" to the state. *See Bowman v. Merkley*, No. 23-5638, 2023 WL 9186333, at *1 (6th Cir. Dec. 26, 2023) ("A private entity may be deemed to be a state actor 'under

4

discrete circumstances . . . .'" (quoting *Thomas v. Nationwide Child.'s Hosp.*, 882 F.3d 608, 612 (6th Cir. 2018)); *see also Redding v. St. Eward*, 241 F.3d 530, 533 (6th Cir. 2001) (explaining that "acting under color of state law" for purposes of § 1983 means that a defendant "exercised the power 'possessed by virtue of state law and made possible *only because* the wrongdoer is clothed with the authority of state law'" (emphasis added)); *cf. Doe v. Diocese of Covington*, No. 23-151, 2024 U.S. Dist. LEXIS 84827, at *11 (E.D. Ky. May 10, 2024) (collecting cases and explaining that government funding does not itself make an entity a state actor). Indeed, Baker has made no allegations that Ghaith, Hopkins, or even Star Center (which is not named as a defendant) are organs or agents of the state. *See Thomas*, 882 F.3d at 612 (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 296 (2001)).

Because Baker fails to state a plausible claim for a relief under Section 1983, this claim must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Baker raises no other claim, thereby warranting dismissal of the complaint. *See id.*; *See also Bowman*, 2023 WL 9186333, at *1 (affirming dismissal of *pro se* complaint for lack of subject matter jurisdiction and concluding, as to federal question jurisdiction, that "[plaintiff's] complaint did not imply a cause of action under § 1983 because she did not allege a violation of any specific constitutional right or any government connection to the defendants, who are private persons").

### III.

In sum, the Court GRANTS Baker's application to proceed *in forma pauperis* (ECF No. 2) and DISMISSES his complaint (ECF No. 1) without prejudice.

5

SO ORDERED.

Dated: October 30, 2025

                                                      s/Laurie J. Michelson
                                                     LAURIE J. MICHELSON
                                                     UNITED STATES DISTRICT JUDGE